# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

No. 12-752V

Filed: May 30, 2013

Not for Publication

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

DEBORAH MORRIS, as administrator of  \*
the estate of PETER WALLACE MORRIS,  \*
deceased,  \*
  \*
        Petitioner,  \*
  \*    Damages decision based on stipulation;
 v.  \*    influenza vaccine; Guillain-Barré syndrome;
  \*    death
SECRETARY OF HEALTH  \*
AND HUMAN SERVICES,  \*
  \*
        Respondent.  \*
  \*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Gary A. Anderson, Birmingham, AL, for petitioner.
Voris E. Johnson, Jr., Washington, DC, for respondent.

**MILLMAN, Special Master**

## DECISION AWARDING DAMAGES[1]

On May 30, 2013, the parties filed the attached stipulation in which they agreed to settle this case and described the settlement terms. Petitioner alleges that Peter Wallace Morris suffered Guillain-Barré syndrome ("GBS") that was caused by his March 1, 2011 receipt of influenza vaccine. Petitioner further alleges that Peter died as a result of his alleged vaccine-related injury. Respondent denies that Peter's GBS, or any other injury, was caused by the vaccine. Respondent

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to delete such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall delete such material from public access.

further denies that Peter died as a result of a vaccine-related injury.    Nonetheless, the parties agreed to resolve this matter informally.

The court hereby adopts the parties' said stipulation, attached hereto, and awards compensation in the amount and on the terms set forth therein.    Pursuant to the stipulation, the Court awards petitioner a lump sum of **$10,000.00,** representing compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).    The award shall be in the form of a check for **$10,000.00** made payable to petitioner as administrator of Peter's estate.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: <u>May 30, 2013</u>                                                                      s/ Laura D. Millman
                                                                                                          Laura D. Millman
                                                                                                          Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

DEBORAH MORRIS, as administrator of the estate of PETER WALLACE MORRIS, deceased,

    Petitioner,

v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

    Respondent.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

No. 12-752V **(ECF)**
Special Master Millman

## STIPULATION

The parties hereby stipulate to the following matters:

1. Deborah Morris ("petitioner"), as administrator of the estate of Peter Wallace Morris ("Peter"), deceased, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to Peter's receipt of an influenza vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. Peter received the influenza vaccine on March 1, 2011.

3. The vaccine was administered within the United States.

4. Petitioner alleges that Peter subsequently suffered Guillain-Barré Syndrome ("GBS"), which petitioner alleges was caused-in-fact by Peter's receipt of the influenza vaccine. Petitioner further alleges that Peter died as the result of his alleged vaccine-related injury.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on behalf of Peter or his estate as a result of his condition.

1

6. Respondent denies that Peter's influenza vaccination caused him to suffer GBS or any other injury, and further denies that Peter died as the result of a vaccine-related injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $10,000.00, in the form of a check payable to petitioner as administrator of Peter's estate. This amount represents compensation for all damages that would be available under 42 U.S.C. §300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Payment made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

11. Petitioner represents that she presently is, or within 90 days of the date of judgment will become, duly authorized to serve as the administrator of Peter's estate under the laws of the State of Alabama.

2

12. In return for the payments described in paragraphs 8 and 9, petitioner, in her individual capacity and as administrator of Peter's estate, on behalf of herself, Peter's estate, and Peter's heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300 aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of Peter resulting from, or alleged to have resulted from, an influenza vaccination administered on March 1, 2011, as alleged by petitioner in a petition for vaccine compensation filed on or about November 5, 2012, in the United States Court of Federal Claims as petition No. 12-752V.

13. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

14. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this

3

Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages.

15. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that Peter suffered GBS or any other injury as a result of his March 1, 2011, influenza vaccination, or that Peter died as the result of his alleged vaccine-related injury.

16. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns as administrator of Peter's estate.

END OF STIPULATION

4

Respectfully submitted,

PETITIONER:

_Deborah Morris_
DEBORAH MORRIS

ATTORNEY OF RECORD FOR
PETITIONER:

_Gary Anderson_
GARY ANDERSON
Environmental Litigation Group, P.C.
3529 Seventh Avenue South
Birmingham, AL 35222
(205) 328-9200

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

_Vincent J. Matanoski by Catharine E._
VINCENT J. MATANOSKI
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:

_Vito Caserta_
VITO CASERTA, M.D., M.P.H.
Acting Director, Division of Vaccine
  Injury Compensation (DVIC)
Director, Countermeasures Injury
  Compensation Program (CICP)
Healthcare Systems Bureau
U.S. Department of Health
  and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

Dated: 5/30/13

ATTORNEY OF RECORD FOR
RESPONDENT:

_Voris E. Johnson, Jr._
VORIS E. JOHNSON, JR.
Assistant Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 616-4136

5